Hon. Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TIMOTHY B. MOTT,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>PROPERTY DAMAGE APPRAISERS, INC.,<br><br>　　　　　　　Defendant. | Case No.:  2:15-cv-00545-MJP<br><br>JOINT STATUS REPORT AND DISCOVERY PLAN |

**1.　　Statement of the Nature and Complexity of the Case**

This case arises out of the termination of Plaintiff's franchise by Defendant. Plaintiff alleges termination was accomplished in violation of the Franchise Investment Protection Act, Chapter 19.100 R.C.W., and that monies due under the parties' contract have been withheld. Plaintiff further contends that the alternative dispute resolution provisions of the contract are unenforceable.

Defendant contends that it terminated Plaintiff's Property Damage Appraiser franchise with proper notice and an opportunity to cure pursuant to the terms of the Franchise

JOINT STATUS REPORT AND DISCOVERY PLAN- 1
[No. 2:15-cv-00545-MJP]

License Agreement executed by Plaintiff (the "FLA"). The termination was, therefore, done in accordance with the terms of the FLA and did not violate the Franchise Investment Protection Act, Chapter 19.100 R.C.W. Moreover, per several enforceable provisions in the FLA, any action arising out of or relating to the FLA must first be submitted to non-binding mediation in Fort Worth, Texas, and if no final resolution is reached at mediation, the claim must then proceed to mandatory arbitration. Accordingly, Defendant will move to compel mediation/arbitration and Stay Proceedings Pending Mediation/Arbitration and/or Motion to Transfer Venue, and Defendant expressly reserves its right to make such a motion.

**2.     Deadline for joinder of additional parties**

The parties propose a deadline of November 30, 2015.

**3.     Whether a magistrate judge may conduct proceedings or not.**

The parties do not agree to proceedings conducted by a magistrate judge.

**4.     Discovery Plan:**

(A)     The parties conducted the FRCP 26(f) conference on September 8, 2015 and had exchanged their initial disclosures by September 18, 2015.

(B)     The parties propose that any discovery take place after anticipated cross-motions for summary judgment with respect to the ADR provisions of the parties' contract. Subjects of discovery would be expected to include:

    i.     the facts and circumstances surrounding the termination of Plaintiff's franchise;

    ii.    the value of Plaintiff's franchised business;

    iii.   any funds collected and retained from Plaintiff's franchise by Defendant;

    iv.    Plaintiff's actual damages, if any;

JOINT STATUS REPORT AND DISCOVERY PLAN- 2
[No. 2:15-cv-00545-MJP]

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600   FAX: (206) 223-3929

     v.  the formation and operation of Plaintiff's franchise with Defendant;

  (C)  Some portion of the correspondence and relevant information may be ESI.

  (D)  No particular privilege issues have been identified at this time.

  (E)  It is anticipated that there will not be an excessive number of depositions in this matter. It is also believed that discovery on the documentary evidence involved may be reasonably narrowed to avoid unnecessary production and expense for all parties.

  (F)  The parties do not presently anticipate any need for discovery-related orders.

**5.**  **Parties' views, proposals and agreements on all items in LCR 26f1:**

  (A)  The parties propose that cross-motion regarding their contract's ADR provisions be noted for October 30, 2015.

  (B)  Plaintiff is amenable to mediation under this Court's local rules. Defendant contends that the parties are bound by the ADR provisions in the FLA, which require that this dispute first be submitted to non-binding mediation in Fort Worth, Texas. Therefore, Defendant is not amenable to mediation under this Court's local rules.

  (C)  There are no related cases.

  (D)  Discovery is not anticipated to be particularly extensive.

  (E)  Plaintiff anticipates seeking the depositions of one or more corporate representatives and documents related to subjects 4.(B)(i), (ii) and (iii) above. Defendant anticipates seeking the depositions of Plaintiff, as well as one or more employees or former employees of Plaintiff, and documents related to subjects 4.(B)(i)-(v) above.

  (F)  Plaintiff proposes to bring an early motion on the lawfulness of the termination at issue here. Defendant intends to bring an early motion to compel mediation/arbitration in

JOINT STATUS REPORT AND DISCOVERY PLAN- 3
[No. 2:15-cv-00545-MJP]

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON  98104-4089
(206) 382-2600     FAX: (206) 223-3929

accordance with the terms of the FLA. Subject to and without waiver of that motion, Defendant also intends to bring an early motion on the lawfulness of the termination at issue here.

(G) The information pertinent to this matter is all relatively recent and the parties will discharge their duties to preserve same. No extraordinary measures are anticipated to be necessary.

(H) No particular privilege issues have been identified at this time.

(I) The parties have conferred and do not believe that any special arrangements beyond the federal rules of civil procedure are required regarding ESI in this matter as the volume of such information is relatively small.

**6.   Deadline to complete discovery**

Factual discovery will be completed by April 29, 2016. Any reports of experts will be served by May 9, 2016. Any rebuttal or contradiction reports by experts will be served by June 6, 2016. Expert depositions will be completed by June 24, 2016.

**7.   Bifurcation**

No bifurcation is requested.

**8.   Pretrial statements and pretrial order**

The parties suggest that Pretrial Statements be filed 45 days prior to the trial date, but that the Court dispense with the requirement for a pretrial order in this matter for the sake of economy.

**9.   LCR 39.1**

Plaintiff is amenable to mediation under LCR 39.1. Defendant contends that the parties are bound by the ADR provisions in the FLA, which require that this dispute first be

JOINT STATUS REPORT AND DISCOVERY PLAN- 4
[No. 2:15-cv-00545-MJP]

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600    FAX: (206) 223-3929

submitted to non-binding mediation in Fort Worth, Texas. Therefore, Defendant is not amenable to mediation under LCR 39.1.

**10. Other suggestions for shortening or simplifying the case**

None at this time.

**11. Date case will be ready for trial**

September 5, 2016

**12. Trial by jury or judge**

The parties will try the case to the Court.

**13. Number of trial days required**

The parties anticipate trial of two to three days, depending upon the outcome of pretrial motions.

**14. Names, addresses and telephone numbers of trial counsel**

Name: Howard R. Morrill and James A. Jackson;
Simburg, Ketter, Sheppard & Purdy, LLP
Address: 999 Third Avenue, #2525, Seattle, WA 98104
Telephone #: (206) 382-2600

Name: Andrew J. Kinstler; Helsell Fetterman LLP
Address: 1001 Fourth Ave, Suite 4200, Seattle WA 98154
Telephone #: (206) 292-1144

Zachary Hoard of Dykema, Commercial Bank Tower, 1717 Main Street, Suite 4200, Dallas Texas 75201, (214) 462-6414, intends to apply for admission *pro hac vice* to represent defendant in this matter as well.

**15. Dates on which trial counsel may have conflicts**

Unknown at this time.

**16. If defendants have not been served, when it will be effected**

N/A

JOINT STATUS REPORT AND DISCOVERY PLAN- 5
[No. 2:15-cv-00545-MJP]

**17.   Whether any party wishes a scheduling conference prior**

The parties do not wish to conduct a scheduling conference prior to trial.

**18.   Dates on which FRCP 7.1 corporate disclosure statements were filed**

Defendant filed its corporate disclosure statement on April 7, 2015.

**19.   Consent to video recording of proceedings in this matter?**

The parties have no objection to video recording of proceedings.

Submitted this 22nd day of September, 2015.

SIMBURG KETTER SHEPPARD & PURDY, LLP


By: /s/ Howard R. Morrill
Howard R. Morrill, WSBA #17252
Attorney for Plaintiff
999 Third Ave., #2525
Seattle, WA 98104
206.382.2600
hmorrill@sksp.com

HELSELL FETTERMAN, LLP


By: /s/ Andrew J. Kinstler
Andrew J. Kinstler, WSBA #12703
Attorney for Defendant
1001 Fourth Ave., #4200
Seattle, WA 98154
206.292.1144
akinstler@helsell.com

JOINT STATUS REPORT AND DISCOVERY PLAN- 6
[No. 2:15-cv-00545-MJP]

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON  98104-4089
(206) 382-2600     FAX: (206) 223-3929